Filed 1/15/14  Qualified Patients Assn. v. City of Anaheim CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| QUALIFIED PATIENTS ASSOCIATION et al., | G046417 |
| Plaintiffs and Appellants, | (Super. Ct. No. 07CC09524) |
| v. | O P I N I O N |
| CITY OF ANAHEIM, | |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, David R. Chaffee, Judge.  Affirmed.

Anthony L. Curiale for Plaintiffs and Appellants.

Cristina L. Talley, City Attorney, and Moses W. Johnson IV, Assistant City Attorney, for Defendant and Respondent.

Arthur J. Wylene, County Counsel (Tehama) as Amicus Curiae for California State Association of Counties on behalf of Defendant and Respondent.

Best Best & Krieger and Jeffrey V. Dunn as Amicus Curiae for the City of Riverside on behalf of Defendant and Respondent.

Qualified Patients Association, a former medical marijuana dispensary, and its owner and operator, Lance Mowdy, (collectively, QPA) appeal from the trial court's judgment denying their declaratory relief action in which they argued state medical marijuana law preempted a City of Anaheim (city) ordinance banning medical marijuana dispensaries. During the pendency of this appeal, the California Supreme Court concluded in *City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729 (*Inland Empire*) that local governments may ban medical marijuana dispensaries without triggering preemption by the Compassionate Use Act of 1996 (CUA; Health & Saf. Code, § 11362.5; all further statutory references are to this code unless noted) or the California's Medical Marijuana Program (MMP; § 11362.7 et seq.).

In supplemental briefing, QPA contends *Inland Empire* is not dispositive because it did not resolve whether state medical marijuana law preempts local governments from enforcing dispensary bans with misdemeanor penalties typically used to enforce other zoning bans. In a similar vein, QPA argues *Inland Empire* left unanswered other related questions, including: (1) whether a city "can remove a defense[] created by the MMP[]"; (2) "[w]hether Anaheim can do indirectly what it cannot do directly;" (3) whether Anaheim's ordinance "burdens criminal defenses allowed by the MMP[]"; and (4) whether Anaheim's ordinance is "overbroad." These contentions, however, are simply variations on QPA's core preemption claim. *Inland Empire* determined state medical marijuana law does not preempt total local bans, and we are bound by that conclusion. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity*).) We therefore affirm the judgment.

2

# I

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant background needs little discussion. Seeking a declaratory judgment, QPA challenged the city's ordinance barring ownership or operation of a medical marijuana dispensary. The ordinance, in a provision entitled, "Medical Marijuana Dispensary Prohibited," stated: "It shall be unlawful for any person or entity to own, manage, conduct or operate any Medical Marijuana Dispensary or to participate as an employee, contractor, agent or volunteer, or in any other manner or capacity, in any Medical Marijuana Dispensary in the City of Anaheim." (Anaheim Ord. No. 6067; see Anaheim Mun. Code, § 4.20.030.) The trial court sustained the city's demurrer, concluding QPA's claim in its first cause of action that state medical marijuana law preempted the city's ordinance was itself preempted by federal law. We overturned the demurrer, explaining that federal law did not preempt state law because under basic federalism principles, federal authorities could not compel *state* criminalization of *any* activity. (*Qualified Patients Assn. v. City of Anaheim* (2010) 187 Cal.App.4th 734, 756-765.) We affirmed the trial court's ruling rejecting plaintiffs' second cause of action asserting the ordinance violated their civil rights under the Unruh Civil Rights Act (Civ. Code, § 51), and we remanded for further proceedings.

On remand, the matter proceeded to trial and Mowdy testified, claiming to be cultivating and distributing marijuana as part of a nonprofit collective, lawful under state law. The trial court, however, found QPA unlawfully distributed marijuana for profit to hundreds of patients in a "mass distribution" scheme. The trial court concluded the city's ordinance did not completely ban medical marijuana distribution lawful under state law because it applied only where more than two people were involved, as stated in

3

the ordinance defining a dispensary as "any facility where medical marijuana is made available to and/or distributed *by or to three or more* of the following: a qualified patient, a person with [a county-issued medical marijuana] identification card, or a primary caregiver." (Anaheim Mun. Code, § 4.20.030, italics added.) As the court phrased it, "Anaheim's ordinance does not completely ban medical marijuana distribution; but it does proscribe mass distribution of medical marijuana." The court concluded the CUA and MMP "do[] not protect mass distribution from designation by a local government entity as a nuisance," and therefore dispensaries could be banned. The court found the city's virtual ban on dispensaries constituted a lawful exercise of the city's police power, not preempted by state medical marijuana law, and QPA now appeals that ruling.

II

DISCUSSION

As noted at the outset, *Inland Empire*'s authorization of total local bans on medical marijuana dispensaries requires that we affirm the judgment. (*Auto Equity*, *supra*, 57 Cal.2d at p. 455.) QPA's attempts to distinguish *Inland Empire* are unavailing.

QPA argues that the immunities the MMP provides from criminal prosecution for state law offenses "bars local governments from using penal legislation to prohibit the use of property . . . for medical marijuana purposes." The city's municipal code banning dispensaries provides that "any person who violates any provision of this ordinance is guilty of a misdemeanor and shall, upon conviction thereof, be punished in the manner provide in [s]ection 1.01.370." (Anaheim Mun. Code, § 4.20.030.)

The MMP does not preempt this punishment. The Legislature expressly amended the MMP in 2011 to state that "[n]othing in this article shall prevent a city or

4

other local governing body from . . . [¶] (a) Adopting local ordinances that regulate the location, operation, or establishment of a medical marijuana collective" [and] "(b) The civil *and criminal* enforcement of" valid local ordinances. (§ 11362.83.) Dispensary bans are valid under *Inland Empire*, and QPA's contention therefore fails. (*Inland Empire*, *supra*, 56 Cal.4th at p. 754, fn. 8 [quoting amended § 11362.83 providing for criminal enforcement of local ordinances].)

QPA raises other arguments that are simply a variation on its original claim that state medical marijuana law preempted the city's dispensary ban. QPA argues that a city cannot remove defenses created by the MMP, cannot "burden[]" the immunities provided by the MMP, cannot "do indirectly what it cannot do directly," and that the ordinance is constitutionally overbroad. Under *Inland Empire*, however, a city is fully authorized to take direct action against dispensaries by banning them altogether; it need not resort to any indirect measures. Ensuing misdemeanor prosecution does not remove or burden any defenses created by the MMP because the punishment is for violation of a valid city ordinance, not state criminal law. *Inland Empire* also summarily rejected in a footnote any notion the ban impinged on sick patients' due process rights or constitutional right to travel by concluding the right of cities and counties to reject a "'one size fits all'" local distribution plan in the MMP would not "so impede the ability of transient citizens to obtain access to medical marijuana . . . ." (*Inland Empire*, *supra*, 56 Cal.4th at p. 756, fn. 10.) Finally, QPA's assertion the city improperly "amended" the MMP is misplaced. The city did not purport to amend the MMP, but instead passed a valid ordinance that under *Inland Empire* is not preempted by state medical marijuana law.

5

## III

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.